UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JULIE MAZURKIEWICZ, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:11CV2089 RWS |
|  | ) |  |
| COUNTRY MUTUAL INS. CO, | ) |  |
| et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion to remand and defendants' motions to sever and to dismiss. All motions will be denied.

On October 12, 2011, plaintiff filed this action in the Circuit Court of the City of St. Louis, Missouri. In Count I, plaintiff asserts a claim for underinsured motorist coverage against her automobile liability insurance company, defendant Country Mutual, for a car accident that occurred on December 3, 2003. In Count II, plaintiff makes a claim for underinsured motorist coverage against her automobile liability insurance company, defendant Safeco, for a second car accident that occurred on December 3, 2004.

Defendants removed this action to this Court on the basis of diversity jurisdiction. Plaintiff is a citizen of Missouri, and both defendants are

incorporated in Illinois and have their principal places of business in Illinois. Plaintiff seek damages in the amount of the policy limits -- $300,000 for Country Mutual and $200,000.00 for Safeco.

Plaintiff argues that remand is warranted because there is no diversity of citizenship under 28 U.S.C. § 1332(c)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The propriety of removal to federal courts depends on whether the claim is within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id.

A claim may be removed only if it could have originally been brought in federal court. Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). Defendants removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statute, complete diversity of citizenship between the plaintiff and defendants must exist, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs.

Plaintiff does not dispute that the amount in controversy requirement is met in this case. Instead, plaintiff argues that defendants are deemed to be citizens of Missouri under 28 U.S.C. § 1332(c)(1). If that were true in this case, then remand would be required. Section 1332(c)(1) provides: "In any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen."[1] A "direct action" under § 1332(c)(1) refers to actions authorized by statutes in some states, in which an injured party can sue a tortfeasor's insurer without joining the tortfeasor. See Home Indemn. Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974). This case is not a "direct action" under § 1332(c)(1) because plaintiff is suing her own insurers, not the insurers of a third-party tortfeasor. See Brown-Woods v. Safeco Ins. Co. of Ill., 2010 WL 2671494, at *2 (E.D. Mo. Jun. 30, 2010); State Farm Fire and Cas. Co. v. Carnnahan, 2008 WL 205266, at *2 (W.D. Mo. Jan. 23, 2008); Antonacci v. State Farm Mut. Auto. Ins. Co., 2006 WL 568344, at *1 (E.D. Mo. Mar. 7, 2006). Thus, defendants are not deemed to be citizens of Missouri. As plaintiff makes no

---

[1]Plaintiff argues that the amended statute should apply in this case, but as pointed out by defendants, the amended version of the statute is not yet in effect, and by its terms only applies to cases removed after the effective date. Even if the amended statute were applied, the result would be the same. This is still not a "direct action" under the amended version of the statute, either.

other arguments in favor of remand, the motion for remand will be denied.

Defendants move to sever the claims brought against them because they involve two separate accidents and two different insurance carriers. In opposition to severance, plaintiff contends that Missouri law considers these claims properly joined because she has alleged two occurrences that resulted in indivisible injuries. Plaintiff claims that both accidents contributed equally to her back and neck problems and that both claims share a common factual question relating to the origin of plaintiff's injuries. Defendants have not filed a reply brief in support of severance. At this time, I will deny defendants' motion to sever, but the Court may reconsider a renewed motion after the close of discovery if the facts and circumstances warrant severance.

Finally, having reviewed defendant Safeco's Rule 12(b)(6) motion to dismiss under the relevant standards, it will be denied. Plaintiff's complaint adequately states a claim against Safeco, and whether plaintiff will ultimately recover on her vexatious refusal to pay claim is not properly before me at this time.[2]

Accordingly,

---

[2] Docket entry number 6 is a motion to transfer to St. Louis county that was filed in state court before removal and is now moot. It will therefore be denied.

**IT IS HEREBY ORDERED** that all pending motions [#6, #10, #16, #19] are denied.  **This case remains set for a scheduling conference on January 20, 2012 as previously ordered.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2012.