UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JULIE MAZURKIEWICZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV2089 RWS |
| | ) |
| COUNTRY MUTUAL INS. CO, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on a motion to quash the deposition notice served on one of defendant Safeco's employees. This employee suffers from an extremely serious health condition, and her doctor has testified that she is incompetent and unable to testify in this case at this time. Despite this information, plaintiff noticed up this employee's deposition. This employee is not a defendant in this case, and she has not been designated as the corporate designee. Defendant has demonstrated ample cause for quashing this notice of deposition, so the motion will be granted.

The deposition notice served upon this witness is also improper. Plaintiff appears to be attempting to force this witness to be designated as defendant's corporate designee. Plaintiff does not get to choose the corporate designee;

defendant does. Defendant has offered to produce another employee fact witness to testify about plaintiff's claim (and to produce the first employee witness should her health improve), and of course if plaintiff serves a timely Rule 30(b)(6) notice of deposition, then defendant will be required to produce corporate designee(s) as well. But plaintiff cannot attempt to force a fact witness to appear as a corporate designee, nor can plaintiff require a fact witness to prepare certain topics for testimony.

Finally, I have reviewed the joint motion to amend the case management order. I will grant the motion, and I urge the parties to take mediation seriously, as this Court does not condone gamesmanship tactics of any kind.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to quash [#43] is granted.

**IT IS FURTHER ORDERED** that the motion to amend the case management order [#40] is granted, the case management order previously entered is amended only as follows, and the following amended schedule shall apply in this case and will be modified only upon a showing of exceptional circumstances:

1. Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **March 15, 2013**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **April 15, 2013**.

2. Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **May 15, 2013**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **June 15, 2013.**

3. Requests for physical or mental examinations of parties pursuant to Rule 35, Fed.R.Civ.P., must be made no later than **March 30, 2013**, and any exam must be completed by **May 1, 2013**.

4. The reference to alternative dispute resolution shall terminate on **February 18, 2013**.

**All other deadlines, including the discovery deadline, dispositive motion deadline, and the trial date, not specifically amended above remain in full force and effect.**

                                    RODNEY W. SIPPEL
                                    UNITED STATES DISTRICT JUDGE

Dated this 16th day of January, 2013.