UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JULIE MAZURKIEWICZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV2089 RWS |
| | ) |
| COUNTRY MUTUAL INS. CO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion for reconsideration. Plaintiff complains that I granted defendant Safeco's motion to strike its answer to an admission based upon a mistake perpetrated by plaintiff's failure to include the complete insurance agreement with the request for admission. Defendant eventually discovered the mistake and corrected its response with an amended answer to the request for admissions. Because defendant represented that plaintiff did not contest the motion, I granted it by docket text order. Now plaintiff argues that the motion should not have been granted because plaintiff had been operating under the mistaken impression that the policy at issue covered two vehicles, not one. Plaintiff correctly notes that defendant's motion should have been brought under Fed. R. Civ. P. 36(b), which permits an admission to be withdrawn or amended to promote the presentation of the merits of the action and if it would not prejudice the other party. This is an insurance coverage dispute. Plaintiff created any confusion or mistaken impression <u>herself</u> by failing to include the entire insurance agreement with the admission and cannot now be heard to complain that she is prejudiced because she cannot argue the policy covers two vehicles when it actually only covers one. So the motion for reconsideration will be denied, except to this extent. I will treat the motion to strike

as motion for withdrawal of an admission, and I will grant that motion. In all other respects, the motion is denied.

Finally, a word about the "agreement of the parties as to the due date of plaintiff's opposition to defendant's motion for summary judgment." Apparently, the parties have decided — without permission of the Court, I might add— to give plaintiff until September 15, 2013 to respond to defendant's motion for summary judgment filed July 25, 2013. The reasoning advanced by the parties is that the case management order provided that plaintiff should file her opposition to any motions for summary judgment filed by August 15, 2013 on September 15, 2013. **As the parties well know, the summary judgment deadlines are <u>my</u> deadlines, and I do not permit parties to change them without my consent.[1]** Moreover, the case management deadlines are the latest dates a party may comply with a deadline. Here, defendant filed its summary judgment motion "early" -- I use quotations because the parties have continually pushed the case management deadlines back, taking the Court's time to rule on dispositive motions before the trial date. When defendant actually filed its motion before the deadline, the Court became hopeful that it would actually have time to issue a ruling on the summary judgment motion before the trial date. This hope was apparently short-lived, given that plaintiff is once again claiming that she needs more than the permitted thirty days to respond to the summary judgment motion. I will construe plaintiff's "agreement" liberally as a motion for an extension of time, and I will grant it with the now-familiar warning that the parties are not excused from filing their pre-trial materials on time even if the Court's ruling on summary judgment has not yet

---

[1]The irony of plaintiff complaining that defendant did not file the proper motion to withdraw its admission, then failing to file a proper motion for an extension of time to respond to the summary judgment motion, is not lost on the Court.

issued.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [#62] is granted **only to this extent**: defendant's motion to strike [#59] shall be construed as a motion to withdraw an admission under Fed. R. Civ. P. 36(b) and is granted. **In all other respects, the motion for reconsideration is denied.**

**IT IS FURTHER ORDERED** that the "agreement of the parties as to the due date as to plaintiff's motion in opposition" [#61] shall be construed as a motion for an extension of time for plaintiff to file her opposition to summary judgment, and the motion will be granted. Plaintiff's opposition to summary judgment must be filed no later than September 15, 2013, and any reply brief may be filed by September 25, 2013. **The parties are advised that they may be required to file their pretrial materials before the Court has issued its ruling on any summary judgment motions, and this is not a basis to request an extension of time to file pretrial materials.**

                                                    _____
                                                    RODNEY W. SIPPEL
                                                    UNITED STATES DISTRICT JUDGE

Dated this 8th day of August, 2013.