UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JULIE MAZURKIEWICZ,       )
                                   )
        Plaintiff,        )
                                   )
   vs.                     )     Case No. 4:11CV2089 RWS
                                   )
COUNTRY MUTUAL INS. CO, et al.,   )
                                   )
        Defendants.     )

**MEMORANDUM AND ORDER**

Plaintiff was injured in two car accidents.[1]  The first one took place on December 3, 2003, while plaintiff was driving her 1984 Nissan Turbo.  Plaintiff sued the allegedly negligent driver in state court, settled, and recovered the policy limits of $25,000 from the driver's insurance carrier.  However, she claims damages in excess of that amount.  At the time of the accident, plaintiff was insured under a policy issued by defendant Country Mutual Insurance Company.  The policy insured plaintiff's Nissan Turbo and two other vehicles and provided underinsured motorist (UIM)[2] coverage in the amount of $100,000.00.  Plaintiff brought this suit against Country Mutual to recover her excess damages under the UIM provisions after Country Mutual refused her demand for payment of the policy limits.  Here, plaintiff seeks to stack[3] the

---

[1]The second accident took place in 2004, involved a different insurance carrier, and is not the subject of the instant motion.

[2]UIM coverage is optional coverage purchased by an individual through his own insurance company "to pay for losses incurred because another negligent driver's insurance is insufficient to cover his or her actual loss."  Geneser v. State Farm Mut. Auto. Ins. Co., 787 S.W.2d 288, 289 (Mo. Ct. App. 1989).

[3]Under Missouri law, "stacking refers to an insured's ability to obtain multiple insurance coverage benefits for an injury, either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a

$100,000.00 UIM policy limits of the three vehicles covered under the policy for a total recovery of $300,000.00.[4]  Country Mutual moves for partial summary judgment, claiming that the policy prohibits the stacking of UIM coverage as a matter of law.  Plaintiff opposes summary judgment, arguing the policy is ambiguous as to the issue of stacking.  Because the policy unambiguously prohibits stacking, partial summary judgment in favor of Country Mutual will be granted.

<u>Standards Governing Summary Judgment</u>

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'"  <u>Torgerson v. City of Rochester</u>, 643 F.3d 1031, 1042 (8th Cir. 2011).  The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial."  <u>Torgerson</u>, 643 F.3d at 1042 (internal quotation marks and citations omitted).  "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts."  <u>Id.</u> (internal quotation marks and citations omitted).  "Credibility determinations, the weighing of the evidence, and the drawing of

---

single policy, as when an insured has one policy which covers more than one vehicle."  <u>Ballard v. State Farm Mut. Auto. Ins. Co.</u>, 2012 WL 1085489 at *2 (E.D. Mo. Mar. 30, 2012) (internal quotation marks and citation omitted); <u>see also</u> <u>Ritchie v. Allied Property & Cas. Ins. Co.</u>, 307 S.W.3d 132, 135 (Mo. 2009).

[4]Plaintiff also seeks recovery of additional amounts for Country Mutual's allegedly vexatious refusal to pay her claim.

legitimate inferences from the facts are jury functions, not those of a judge." <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 150 (2000), (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986)).  The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586–87 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." <u>Torgerson</u>, 643 F.3d at 1042 (internal quotation marks and citations omitted) .

Discussion

"State law governs the interpretation of insurance policies when federal jurisdiction is based on diversity of citizenship." <u>Secura Ins. v. Horizon Plumbing, Inc.</u>, 670 F.3d 857, 861 (8th Cir. 2012).  Missouri law governs this insurance contract.  Under Missouri law, the interpretation of the meaning of an insurance policy is a question of law. <u>Capitol Indem. Corp. v. 1405 Associates, Inc.</u>, 340 F.3d 547, 547 (8th Cir. 2003).  There is no statute in Missouri that requires drivers to purchase UIM coverage. <u>Lynch v. Shelter Mut. Ins. Co.</u>, 325 S.W.3d 531, 539 (Mo. Ct. App. 2010).  Accordingly, the limits of UIM coverage are determined by the insurance contract. <u>Id.</u>  The general rules for interpretation of contracts apply to insurance policies. <u>Peters v. Employers Mut. Cas. Co.</u>, 853 S.W.2d 300, 301–02 (Mo. 1993) (en banc).  A contract's terms are enforced as written were the language is unambiguous. <u>Lynch</u>, 325 S.W.3d at 539.  When "construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves ambiguities in favor of the insured." <u>Ritchie</u>, 307 S.W.3d at 135.  If the policy language is

- 3 -

unambiguous and does not allow stacking, it must be enforced.  Id.  But if the language is

ambiguous, courts should construe the policy in favor of the insured and allow stacking.  Id.  The

fact that the parties disagree over the policy's interpretation does not render a term ambiguous.

O'Rourke v. Esurance Ins. Co., 325 S.W.3d 395, 398 (Mo. Ct. App. 2010).

The uninsured/underinsured motorist (UN-UIM) coverage portion of the policy at issue

reads in part as follows:

> 2. **Limits of Liability**.  The Uninsured-Underinsured Motorists limits of liability
> shown on the declarations page apply as follows:
>
> a. The limit of liability for "each person" is the maximum amount **we** will
> pay for all damages arising out of bodily injury to any one person in any one
> accident.  That maximum amount includes any claims of other persons for
> damages arising out of that bodily injury.
>
> The figure listed in the most we will pay for any one person in any one
> accident regardless of the number of **insureds**, claims made, **insured vehicles**,
> premiums shown on the declarations page, or **uninsured or underinsured motor
> vehicles** involved in the accident . . . .

(emphasis in original).  The declarations page identifies the policy coverage limits of "each

person" for "underinsured motorists" as $100,000.00.

Despite the plain language of the policy, which limits recovery to $100,000.00 per person

for UIM benefits, plaintiff contends that the "other insurance" clause of the policy gives rise to an

ambiguity that permits her to stack the limits of the three vehicles.  The other insurance provision

of the policy provides as follows:

> 4. **Other Insurance**.  If there is other applicable uninsured-underinsured motorists
> insurance that covers a loss, **we** will pay **our** proportionate share of that loss.  **Our**
> share is the proportion **our** limits of liability bear to the total of all applicable
> limits.  However, in the case of **motor vehicles you** do not own, this policy will
> be excess and will apply only in amount **our** limit of liability exceeds the sum of
> the applicable limits of liability of all other applicable insurance.  **We** will pay

only after all other applicable liability limits have been paid.

(emphasis in original).  Plaintiff argues that this clause "creates the ambiguity because it makes all the policies excess, thereby allowing them to stack . . . ."

Plaintiff's argument fails.  The Court finds the policy unambiguously prevents stacking the UIM coverage for three insured vehicles when only one was involved in the accident.  While the Country Mutual policy covers three automobiles, there is no dispute here that only the plaintiff's Nissan Turbo -- which she owns and was driving -- was involved in the accident. While it is true that Missouri courts have held that similar other insurance language is ambiguous when read in conjunction with the limit of liability clause where an insured is involved in an accident while driving or riding in a non-owned vehicle, see Jordan v. Safeco Ins. Co. of Illinois, 2012 WL 5390236, *4-*5 (E.D. Mo. Nov. 5, 2012) (collecting cases), here that reasoning does not apply because plaintiff was driving her own car at the time of the accident.  Thus, the third sentence of the other insurance provision does not apply to plaintiff, and the anti-stacking and set-off provisions in the policy are not rendered ambiguous as to plaintiff's claims.  See id. at *5; Wise v. American Standard Ins. Co. of Wisconsin, 2011 WL 3880580, *5 (E.D. Mo. Sept. 2, 2011);  Ritchie, 307 S.W.3d at 137-38 (explaining that an ambiguity due to a conflict between an other insurance provision and set-off and anti-stacking provisions only arises in that special factual situation where the accident occurred while the insured was occupying a non-owned vehicle);  Niswonger v. Farm Bureau Town & Country Ins. Co. of Missouri, 992 S.W.2d 308, 315 (Mo. Ct. App. 1999) (same).  Because the limits of liability provisions are not ambiguous and plaintiff is not entitled to stack her UIM coverage, Country Mutual's motion for partial summary judgment will be granted.

- 5 -

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for partial summary judgment

[#56] is granted.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE


Dated this 26th day of September, 2013.