UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JULIE MAZURKIEWICZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV2089 RWS |
| | ) |
| COUNTRY MUTUAL INS. CO, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This matter is before me on a review of the memoranda filed by defendants in response to my December 20, 2013 Memorandum and Order. Defendant Safeco argues attorney Gerard T. Noce will testify as an expert witness about plaintiff's vexatious refusal to pay claim and Safeco's handling of plaintiff's claim even though he has no experience in the insurance industry. Apparently, plaintiff also intends to offer an attorney as her expert witness on the same subject. While industry experts may be relevant to an insurance dispute, see Cedar Hill Hardware & Constr. Supply Inc. v. Ins. Corp. of Hanover, 563 F.3d 328, 337 (8th Cir. 2009), there is no indication here that attorneys qualify as such experts merely by virtue of their representation of insurance companies or by their work as a special master mediating insurance disputes. Therefore, at the pretrial conference, I expect both

parties (Safeco and plaintiff) to provide me with copies of cases from within the Eighth Circuit permitting attorneys to testify as experts under these circumstances as it is my job to serve as gatekeeper of expert testimony even if parties do not object.

Moreover, defendant Country Mutual's explanation of why it designated plaintiff's counsel Jerry Klein and **its own** attorney David Butsch as potential witnesses does not address or solve the conflict and ethical issues that arise from the situation. I expect plaintiff and defendant Country Mutual to address the conflict and ethical issues on the record during the pretrial conference and to explain on the record how each intends to resolve these issues in compliance with the rules of professional responsibility. In addition, if disqualification of any attorney is required as a result of this issue, then I expect the new attorney to have entered an appearance by the trial date and to be present at the pretrial conference. The mere fact that disqualification of trial counsel may be required due to conflict issues is not a valid basis to continue the trial of this matter as these issues were known, or should have been known, to counsel well before now and were capable of being resolved in a timely manner had they been properly raised by the parties.

Accordingly,

**IT IS HEREBY ORDERED** that <u>there will be a final pretrial conference in this matter on Monday, January 13, 2014 at 10:00 a.m. in Courtroom 16-</u>

**South. The parties shall be prepared to address all the matters set forth above as well as the pretrial compliance, including any motions in limine.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this  23   day of December, 2013.